UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
QUEEN LATIFAH, INC.,

              Plaintiff,

    -against-

PERFECT CHRISTMAS PRODUCTIONS, LLC,

              Defendant.
-------------------------------------------------------X

Index No.

08 CV 5506

COMPLAINT



Plaintiff Queen Latifah, Inc. by its attorneys, Eisenberg Tanchum & Levy, for its complaint alleges as follows:

### The Parties

1. Queen Latifah, Inc. is a corporation organized and existing under the laws of the State of New Jersey and having its principal place of business at 155 Morgan Street, Jersey City, New Jersey 07302. At all relevant times Queen Latifah, Inc. was and continues to be a company having the exclusive rights to the entertainment services of the artist, Dana Owens, professionally known as "Queen Latifah." (the "Artist").

2. Defendant Perfect Christmas Productions, LLC ("PCP") is, upon information and belief, a limited liability partnership existing under the laws of the State of Delaware and having its principal address care of Bloom, Hergott, Diemer, Rosenthal and LaViolette, 150 S. Rodeo Drive, 3rd Floor, Beverly Hills, California 90212. At all relevant times PCP was and continues to be a company engaged in the development, production, distribution, exhibition, advertising, promotion and other exploitation of a motion picture (and all rights therein and thereto as such

may exist from time to time) entitled, *The Perfect Holiday* (originally known as *Perfect Christmas*).

## Jurisdiction and Venue

3. The jurisdiction of this Court is base upon diversity of citizenship, 28 U.S.C. Section 1332 in that complete diversity of citizenship exists between the parties and the matter in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs.

4. Venue is proper under 28 U.S.C. Section 1391(a) in that, upon information and belief, PCP does and transacts business in the City, State and Southern District of New York, and that the claims herein arise in the Southern District of New York.

## Claim

5. PCP entered into a written agreement dated July 21, 2006 with Queen Latifah, Inc. pursuant to which PCP engaged Queen Latifah, Inc. to furnish the services of the Artist to act in the motion picture which would eventually be entitled, *The Perfect Holiday* and to commercially exploit that performance as specified in the document.(the "Agreement")

6. At the time the Agreement was entered into and for the remainder of the time that *The Perfect Holiday* was produced, PCP operated out of the offices of the legal firm it employed, Cowan DeBaets Abrahams & Sheppard, LLP, 41 Madison Avenue, New York, New York 10010.

7. Queen Latifah, Inc. fully performed its obligations under the Agreement by providing the acting services of Artist, which services were fully performed to the satisfaction of PCP.

8. *The Perfect Holiday* was commercially released to the public in December, 2007.

9. The Agreement provided that in addition to the compensation required to be paid Artist under the terms of the Screen Actors Guild ("SAG") contract PCP would pay Queen Latifah, Inc., for having furnished the services of Artist and the rights to commercially exploit those services, "a fee equal to ten (10%) percent of one hundred (100%) of first monies received by Company [PCP] from exploitation of the Picture [*The Perfect Holiday*] until Lender [Queen Latifah, Inc. ] shall have received $275,000, less the SAG Compensation actually paid."[paragraph 2(b) of the Agreement]

10. Despite the clear requirements of the Agreement, PCP has not paid Queen Latifah, Inc. any monies for Queen Latifah, Inc. having provided the services of Artist in connection with *The Perfect Holiday*, neither the SAG minimum nor the percentage of first monies set forth in the Agreement..

11. PCP has failed to pay Queen Latifah, Inc. in accordance with the terms of the Agreement despite the fact that, upon information and belief, PCP has been paid by third parties several million dollars from the exploitation of *The Perfect Holiday*.

12. PCP is therefore obligated to pay Queen Latifah, Inc. the $275,000 from the millions of dollars it has already received in connection with the exploitation of *The Perfect Holiday*.

13. Despite due demand, however, PCP has at all times failed and continues to fail to pay Queen Latifah, Inc. any portion of the $275,000.

14. PCP's failure to pay Queen Latifah, Inc. the $275,000 is a material breach of the terms of the Agreement.

15. As a result of PCP's material breach of the Agreement, Queen Latifah, Inc. has been damaged in the amount of $275,000 , exclusive of interest.

WHEREFORE, plaintiff Queen Latifah, Inc. demands judgment as follows:

a. Directing defendant Perfect Christmas Productions, LLC to pay to plaintiff Queen Latifah, Inc. damages in the amount of $275,000, together with interest from the date when payment was due.

b. Awarding to plaintiff Queen Latifah, Inc. reasonable attorneys fees and such other and further relief as to this Court may seem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       June 17, 2008

                                      EISENBERG TANCHUM & LEVY
                                      Attorneys for Plaintiff Queen
                                      Latifah, Inc.

                                      By: _____
                                            Stewart L. Levy
                                      675 Third Avenue
                                      New York, New York 10017
                                      Tel.# 212-599-0777